UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　　　　ORDER

COLLYER GOODMAN,　　　　　　　　　　　　　　16-CR-478-10 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Collyer Goodman's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 403), and the Government's opposition thereto, (Doc. 405).

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020).[1]  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant states that he has tested positive for COVID-19.  His medical records show that this occurred on May 28, 2020, (Doc. 405 Ex. A at 54), almost eight months before he filed his renewed application.  Happily there is no indication that Defendant suffered a severe case or is still ill.[2]  Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense.  "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis."  *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v.*

---

[1] The Government needs to update its boilerplate in light of *Brooker*.

[2] Defendant's lawyer states that Defendant "reports that he continues to have COVID 19 symptoms such as coughing and lack of taste and smell." (Doc. 403 at 1.)  Counsel was no doubt unaware that Defendant's medical records reflect that on November 25, 2020, Defendant reported to a medical provider, who was providing a routine check regarding Defendant's asthma, that Defendant had "gotten through the last several months of COVID w[ith]out difficulty despite [testing] +/asymptomatic in May [20]20." (Doc. 405 Ex. A at 7.)  Defendant's records do not reveal any complaints about COVID-19 symptoms.  His oxygen saturation levels have been fine from May 2020 through the present. (*Id.* at 43-44.)  The Government shall supply my chambers with a hard copy of Exhibit A for filing under seal.

*Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare." https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

      Defendant also claims to have new sarcoma lesions that have gone untreated, but his records show that his skin lesions are a rash caused by a fungal infection for which he has been prescribed a cream. (Doc. 405 Ex. A at 1.)

      The Government concedes, however, that because Defendant's body mass index now exceeds 30, and obesity is a condition identified by the Centers for Disease Control as presenting an increased risk for a severe case if one comes down with COVID-19, extraordinary and compelling circumstances exist. I am not sure I agree, given that Defendant has contracted COVID-19, did not have a severe case, and is unlikely to contract it again, let alone suffer a severe case. Nevertheless, I will assume for the sake of argument that Defendant's situation constitutes extraordinary and compelling circumstances.

      I continue to find that the § 3553(a) factors outweigh those circumstances and militate against release only 53 months into Defendant's 120-month sentence, essentially for the reasons stated in my previous ruling, (Doc. 388). Further, I agree with the Government that Defendant's

lack of candor regarding his medical conditions does not bode well.  It shows a continuing lack of respect for the law that renders it dubious that Defendant will be law-abiding going forward.

    For the reasons stated above, the motion is denied.

Dated: January 21, 2021
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.